UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| FAIRWOOD VILLA CONDOMINIUM ASSOCIATION, a Washington Non-Profit Corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY, an Iowa Corporation; NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>                      Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The Fairwood Villa Condominium Association (the "Association") alleges as follows:

## I.    INTRODUCTION

1.1    This is an action for declaratory judgment, breach of contract, bad faith violations, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)    A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Defendants ALLIED Mutual Insurance Company, AMCO Insurance Company, and Nationwide Mutual Insurance Company (hereinafter collectively "Nationwide") insurance policies issued to the Association. The Association is seeking a ruling that the Nationwide policies provide coverage for hidden damage at the Fairwood Villa Condominiums

and that Nationwide is liable for money damages for the cost of repairing hidden damage at the Fairwood Villa Condominiums.

(B) Damages for bad faith, breach of contract, and violations of the CPA against Nationwide.

(C) Attorneys' fees and costs (including expert witness fees) against Nationwide.

(D) Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Renton, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Fairwood Villa Condominiums. The Fairwood Villa Condominiums consists of twenty-two (22) single-story buildings containing one hundred thirty-six (136) units located in Renton, Washington.

2.2 <u>ALLIED Mutual Insurance Company</u>. ALLIED Mutual Insurance Company ("ALLIED") sold property insurance policies to the Association including, but not limited to, Policy No. ACP APCA 7500602520 (01/03/1999–01/03/2000), which identified the Fairwood Villa Condominiums as covered property. Effective October 1, 1998, ALLIED was merged with and into Nationwide Mutual Insurance Company. Nationwide Mutual Insurance Company assumed all rights and duties under the ALLIED policy and is the successor by merger to ALLIED.

2.3 <u>Nationwide Mutual Insurance Company</u>. Nationwide Mutual Insurance Company sold property insurance policies to the Association, including but not limited to, Policy Nos. ACP APCA 7510602520 (01/03/2000 – 01/03/2001) and ACP APCA 7520602520 (01/03/2001 – 01/03/2002), which identified the Fairwood Villa Condominiums as covered property. Nationwide Mutual Insurance Company is an Ohio domiciled insurer with its principal place of business in Columbus, Ohio. Nationwide Mutual Insurance Company is registered and authorized to sell insurance in Washington.

2.4     AMCO Insurance Company. AMCO Insurance Company ("AMCO") sold property insurance policies to the Association, including, but not limited to, Policy No. ACP BPH 7530602520 (01/03/2002 – 01/03/2003), which identified the Fairwood Villa Condominiums as covered property. AMCO Insurance Company is an Iowa domiciled insurer with its principal place of business in Des Moines, Iowa. AMCO is registered and authorized to sell insurance in Washington.

2.5     Doe Insurance Companies 1–10. Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Fairwood Villa Condominiums as covered property.

2.6     Fairwood Villa Insurers. Nationwide and Doe Insurance Companies 1–10 shall be collectively referred to as the "Fairwood Villa Insurers."

2.7     Fairwood Villa Policies. The policies issued to the Association by the Fairwood Villa Insurers shall be collectively referred to as the "Fairwood Villa Policies."

### III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Fairwood Villa Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium buildings are located in King County.

### IV.     FACTS

4.1     Incorporation by Reference. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     Tender to Nationwide. On October 23, 2020, the Association tendered an insurance claim to Nationwide for recently discovered hidden damage to exterior sheathing and framing at the

Fairwood Villa Condominiums. The Association requested that Nationwide investigate for any additional hidden damage at the Fairwood Villa Condominiums.

4.3  <u>Joint Intrusive Investigation</u>. In April 2021, the Association, including its experts at Evolution Architecture ("Evolution"), and the Association's historical insurers, including Nationwide, conducted a joint intrusive investigation at the Fairwood Villa Condominiums, which revealed system-wide hidden damage to the sheathing and framing at the exterior walls.

4.4  <u>Evolution's Findings Report</u>. Following the joint intrusive investigation, Evolution prepared its Building Envelope Investigation Findings Report, dated August 26, 2021. Of the twenty-four (24) openings made during the joint intrusive investigation, hidden water damage to sheathing and framing was observed at nineteen (19) openings (79%). It is Evolution's opinion that the primary cause of the hidden damage at the Fairwood Villa Condominiums is water intrusion in the form of rainwater events, including wind-driven rain. According to Evolution, hidden damage at the Fairwood Villa Condominiums has occurred incrementally and progressively each year from 1999, and some new damage commenced during each year of the Fairwood Villa Policies. It is expected that similar levels of damage would be found at other locations not investigated at the Fairwood Villa Condominiums. The Association's experts have opined that the cost to repair the hidden damage at the Fairwood Villa Condominiums is in excess of $3,500,000, well over the jurisdictional limit of $75,000.

4.5  <u>Nationwide's Denial of the Association's Claim.</u> On August 3, 2021, Nationwide unreasonably denied the Association's insurance claim.

**V.  FIRST CLAIM AGAINST THE FAIRWOOD VILLA INSURERS: DECLARATORY RELIEF THAT THE FAIRWOOD VILLA POLICIES PROVIDE COVERAGE**

5.1  <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.5, above, as if fully set forth herein.

5.2  <u>Declaratory Relief</u>. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

  (A) That the Fairwood Villa Policies cover the hidden damage to exterior sheathing and framing at the Fairwood Villa Condominiums.

  (B) No exclusions, conditions, or limitations bar coverage under the Fairwood Villa Policies.

  (C) That the loss or damage to the Fairwood Villa Condominiums was incremental and progressive. New damage commenced during each year of the Fairwood Villa Policies.

  (D) As a result, the Fairwood Villa Policies cover the cost of investigating and repairing the hidden damage at the Fairwood Villa Condominiums.

## VI. SECOND CLAIM: AGAINST NATIONWIDE FOR BREACH OF CONTRACT

6.1 <u>Incorporation by Reference.</u>  The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2 Nationwide has contractual duties under the terms of its policies to pay the cost of investigating and repairing the covered damage to the Fairwood Villa Condominiums.

6.3 Nationwide breached its contractual duties by wrongfully denying coverage on August 3, 2021, and by failing to pay the cost of repairing the covered damage to the Fairwood Villa Condominiums.

6.4 As a direct and proximate result of Nationwide's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5 <u>Additional Damages</u>. As a direct and proximate result of Nationwide's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII. THIRD CLAIM: AGAINST NATIONWIDE FOR INSURANCE BAD FAITH

7.1 <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     Nationwide had a duty to investigate, evaluate, and decide the Association's claim in good faith. Nationwide breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things failing to: (1) acknowledge that weather conditions such as wind-driven rain were one of the causes of the hidden damage at the Fairwood Villa Condominiums; (2) acknowledge that weather conditions such as wind-driven rain are covered causes of loss under its policies; (3) acknowledge that the repeated seepage or leakage of water is a covered cause of loss under the Nationwide policies issued to the Association; (4) acknowledge that coverage is preserved under the resulting loss provision in its policies; (5) acknowledge that there is coverage under its policies when damage results from a concurrent combination of wind-driven rain and inadequate construction; and (6) failing to define key undefined terms in its policies in favor of the Association as required by Washington law.

7.5     Nationwide ignored case law in the Western District of Washington that is directly contrary to the coverage positions taken by Nationwide. Nationwide unreasonably denied coverage for any and all hidden damage at the Fairwood Villa Condominiums. Nationwide's self-serving denial does

not comport with Washington law or the plain meaning of its own policy language and put Nationwide's financial interests ahead of the Association's to the Association's detriment.

7.6   A violation, if any, of one or more of the Washington claims handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Nationwide's conduct violated Washington claims handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Nationwide to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Nationwide to adopt and implement reasonable standards for the prompt investigation of claims.
- Which require Nationwide to construe ambiguities in facts, law, or policy language in favor of coverage.

7.7   Nationwide's actions and omissions, including, but not limited to, its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Nationwide's duty of good faith. As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

### VIII.   FOURTH CLAIM: AGAINST NATIONWIDE FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 7.7, above, as if fully set forth herein.

8.2 Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, Nationwide's conduct was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Nationwide's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1 <u>Declaratory Judgment Regarding Coverage</u>. A declaratory judgment that the Fairwood Villa Policies provide coverage as described herein.

9.2 <u>Money Damages.</u> For money damages in an amount to be proven at trial.

9.3 <u>Attorneys' Fees and Costs of Suit</u>. For reasonable attorneys' fees and costs (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4 <u>CPA Penalties.</u> For CPA penalties against Nationwide of up to $25,000 per violation.

9.5 <u>Other Relief</u>. For such other and further relief as the Court deems just and equitable.

## X. DEMAND FOR JURY TRIAL

10.1 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dated the 19th day of November, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Daniel J. Stein*
/s/ *Jessica R. Burns*
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
Jessica R. Burns, WSBA #49852
2701 First Avenue, Suite 430
Seattle, WA 98121

Email: jstein@condodefects.com
Email: justin@condodefects.com
Email: dstein@condodefects.com
Email: jessica@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 9

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660